AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Diane N. Holdaway** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  **1:99CR10205-001**<br><br>**Michael B. Keating, Esq.**<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)  **1, 18-20, 23-26**

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy | 01/07/1999 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud | 06/23/1998 | 18 |
| 18 U.S.C. § 1341 | Mail Fraud | 12/22/1998 | 19 |

See Additional Counts of Conviction - Page    2

    The defendant is sentenced as provided in pages 2 through    **7**    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  **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** | **04/10/2000**<br>Date of Imposition of Judgment |
| Defendant's Date of Birth:  **04/27/1947** | |
| Defendant's USM No.:  **22675-038** | |
| Defendant's Residence Address: | |
| **1370 Broadway, Apt. 5L** | |
| **Claridon Hill Towers** | Signature of Judicial Officer |
| **Somerville**    **MA**    **02144** | **Reginald C. Lindsay**<br>**U.S. District Judge**<br>Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| **1370 Broadway, Apt. 5L** | |
| **Claridon Hill Towers** | |
| **Somerville**    **MA**    **02144** | Date |

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

Judgment-Page __2__ of __7__

DEFENDANT:      Diane N. Holdaway

CASE NUMBER:    1:99CR10205-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 12/17/1998 | 20 |
| 42 U.S.C. § 408 (a)(7)(B) | False Representation of Social Security Numbers | 06/23/1998 | 23 |
| 42 U.S.C. § 408 (a)(7)(B) | False Representation of Social Security Numbers | 12/22/1998 | 24 |
| 42 U.S.C. § 408 (a)(7)(B) | False Representation of Social Security Numbers | 12/17/1998 | 25 |
| 42 U.S.C. § 408 (a)(3) | Supplemental Security Income Fraud | 12/22/1998 | 26 |

DEFENDANT:        Diane N. Holdaway

CASE NUMBER:        1:99CR10205-001

# PROBATION

The defendant is hereby placed on probation for a term of        42        month(s) .

**This term consists of terms of 42 months on all counts. All such counts are to run concurrently.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Page    4**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       Diane N. Holdaway
CASE NUMBER:     1:99CR10205-001

# SPECIAL CONDITIONS OF SUPERVISION

The first 6 months of probation shall be served in home confinement .

The Court orders the defendant to pay restitution in the amount of $186,881.20, which consists of restitution in the amount of $180,074 to the Massachusetts Department of Employment and Training and $6,807.20 to the Social Security Administration. The restitution to the Massachusetts Department of Employment and Training shall be paid by Diane Holdaway, jointly and severally with any other person convicted of the instant offense.

Any payment made, that is not payment in full, shall be divided proportionately among the parties named.

The restitution shall be paid immediately or according to a court ordered repayment schedule.

The defendant shall notify the United States Attorney of any change of address.

The defendant shall provide the United States Probation Office with any requested financial information.

The defendant shall participate in substance abuse and mental health programs as directed by the United States Probaiton Office.

Judgment-Page  5  of  7

DEFENDANT:        **Diane N. Holdaway**

CASE NUMBER:    **1:99CR10205-001**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        800.00 | $ | $        186,881.20 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____   _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____   _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Massachusetts Department of Employment and Training | $180,074.00 | $180,074.00 | |
| Social Security Administration | $6,807.20 | $6,807.20 | |
| Totals: | $     186,881.20 | $     186,881.20 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties     Case 1:99-cr-10205-RCL     Document 241     Filed 04/19/00     Page 6 of 7

Judgment-Page    6    of    7

DEFENDANT:        **Diane N. Holdaway**

CASE NUMBER:      **1:99CR10205-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   in full immediately; or

B   ☐   $ ___ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than __ _____ ; or

D   ☐   in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in ___ _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Any payment made, that is not payment in full, shall be divided proportionately among the parties named.**

**The restitution shall be paid immediately or according to a court ordered repayment schedule.**

**Payments shall be made to the Clerk, U.S. District Court for transfer to the Mass. Dept. of Employment and Training and to the Social Security Admin.**

☒   Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| 99-10205-RCL | with any other person convicted of the instant offense | $186,881.20 |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT:     Diane N. Holdaway

CASE NUMBER:     1:99CR10205-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:     13

Criminal History Category:     I

Imprisonment Range:    12-18 months

Supervised Release Range:    2-3 years

Fine Range: $ _____ 3,000.00 _____ to $ _____ 30,000.00 _____

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____ 186,881.20 _____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☒ for the following specific reason(s):

      **Pursuant to 5H1.3 and 5K2.0 because the defendant's combined history of both extensive physical and mental health conditions reflects circumstances of a degree not contemplated by the Guidelines.**